■ BREEZEMONT PARK, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48569.) — Cross appeals from a judgment in favor of the claimant, entered upon a decision of the Court of Claims, in the amount of $97,325 plus interest. Claimant was the owner of two parcels of land in the Town of New Castle, Westchester County. The southerly parcel, known as Parcel A, consisted of 14.986 acres and abutted upon a public highway. All the structures used for camp purposes were located on this parcel. Parcel B, to the north, consisted of 46.734 acres and was developed with athletic fields, bridle paths, nature trails and so forth. Notwithstanding the fact that Parcel B was landlocked, it was used in conjunction with the camp and was reached from Parcel A by an 8- to 12-foot-wide dirt path. In 1967 the State appropriated .539 acre of land from Parcel A and 8.265 acres of land from Parcel B for building Interstate Highway 87. The construction separated Parcel A from Parcel B and, in addition, left 5.24 acres of Parcel B landlocked. The land was within a residential zone but the camp operated as a nonconforming use. The Court of Claims valued Parcel A before taking at $3,500 an acre as residential land with a $1,000 an acre increment for camp use, or $4,500 an acre, making a total value of $67,437. It valued Parcel B as wooded vacant land at $1,400 an acre finding no integrated use between Parcel A and Parcel B because there was no legal right of access between the two parcels. The court valued land improvements, ie., recreation areas, tennis courts, etc., before the taking at $57,000 and found that the land improvements taken had a value of $30,000. It valued the buildings, none of which were taken, at $202,985. The court found that the landlocked 5.24 acres part of Parcel B had an after value of $250 an acre. The State does not contest any of these factual findings. It correctly argues that the court erred in awarding $30,000 for the value of the improvements taken and an additional $27,000 for "cost to cure" the damaged land improvements. Having awarded claimant $30,000 to compensate it for the direct loss of tennis courts, athletic fields, etc., in addition to the underlying direct damage for the land on which the improvements were located, it should not have added $27,000 to pay for replacing the facilities. The court also erred in finding that the highest and best use of Parcel B before taking was residential. It based this finding on its determination that there was no integrated use between Parcels A and B because of infirmities in the claimant's right-of-way. The highest and best use before taking was as a day camp. This was established by uncontroverted evidence that both parcels had, in fact, been used as such for years and that the right-of-way, whatever its legal nature, had existed and was sufficient to allow Parcel B to be exploited as part of the camp operation. Accordingly, the damage sustained by the division resulting from the appropriation was real and permanent.* The $1,000 increment for camp use added to Parcel A should have been added to the before value of the land taken from Parcel B also, giving it a per acre value of $2,400. The court found a 10% devaluation of the building improvements because of the reduction of the total area available for

---

* After the taking which gave rise to this claim, a Supreme Court action, pending before the appropriation, determined that claimant in fact had an easement by prescription.

camp activities. This was a proper item of damages. (Cf. *Newscott Realty Corp.* v. *State of New York,* 39 A D 2d 608.) The judgment should be modified on the basis of the following factual findings: The before value of the property —

Parcel A — 14.986 acres valued at $3,500 an acre plus $1,000 increment ......................................... $67,437
Parcel B — 46.734 acres valued at $1,400 an acre plus $1,000 increment ......................................... 112,162
Buildings and improvements............................ 202,985
Land improvements ................................... 57,000

TOTAL ........................................ $439,584

The after value —

Parcel A — 14.447 acres at $4,500 an acre.................. $65,012
Parcel B — 5.24 acres at $250 an acre...................... 1,310
33.229 acres at $2,400 an acre.................. 79,749
Buildings after 10% depreciation......................... 182,687
Land improvements ................................... 27,000

TOTAL ........................................ $355,758

Total Before Value............................. $439,584
Total After Value............................. 355,758

$83,826

The damages are —

Direct damages — Parcel A —.539 acre at $4,500 an acre.... $2,426
Parcel B — 8.265 acres at $2,400 an acre.. 19,836
Land improvements .................... 30,000
The consequential damages are —
5.24 acres of Parcel B now landlocked................... 11,266
10% devaluation of building........................... 20,298

Total damages, direct and consequential are................. $83,826

The testimony of the State's appraiser is accepted for the after value to Parcel B since he was the only appraiser who considered the effect of the relocation of Byram Lake Road. Judgment modified, on the law and the facts, by reducing the award to $83,826 with interest, $52,262 being direct damages and $31,564 being consequential damages, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.